```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
KIARA PHILLIPS,                                                      :
                                                                     :
                              Plaintiff,                             :
                                                                     :     24-CV-4440 (JMF)
                -v-                                                  :
                                                                     :     MEMORANDUM OPINION
FIRST CREDIT SERVICES, INC. et al.,                                  :        AND ORDER
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, Plaintiff Kiara Phillips brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendants First Credit Services, Inc. ("FCS"), TrueAccord Corp. ("TrueAccord"), and Hunter Warfield, Inc. ("Hunter Warfield"). *See* ECF No. 1-1 ("Compl.").[1] The case was filed in New York Supreme Court, New York County, but on June 10, 2024, Hunter Warfield, with the consent of all other Defendants, filed a Notice of Removal asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* ECF No. 1. On July 18, 2024, Phillips moved to remand the case to state court on the ground that she lacks constitutional standing to sue in federal court under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021). *See* ECF No. 27 ("Pl.'s Mem."). FCS and Hunter Warfield opposed her motion, while TrueAccord agreed that Phillips lacks standing, at least as to her claims against TrueAccord. *See* ECF No. 31 ("TrueAccord's Mem."); ECF No. 32

---

[1] Phillips also named Halsted Financial Services, LLC and Velocity Investments, LLC as Defendants, but the claims against them have since been dismissed. *See* ECF No. 14.

("FSC/Hunter Warfield Opp'n").  Thereafter, Phillips had a change of heart: On September 13, 2024, she moved to withdraw her motion to remand.  *See* ECF No. 33.

Significantly, neither Phillips's attempt to withdraw her motion to remand nor Defendants' divergent views affect the Court's obligation to confirm that Phillips has standing, as standing is jurisdictional and the Court has an independent obligation to confirm that it has jurisdiction.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) ("A district court must remand a case to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" (quoting 28 U.S.C. § 1447(c))).  To establish standing under Article III of the Constitution, a plaintiff must allege, among other things, "injury in fact."  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014).  An injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (internal quotation marks omitted).  In *TransUnion*, the Supreme Court held that a statutory violation, without more, does not constitute injury-in-fact.  *See* 594 U.S. at 426; *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) ("*TransUnion* established that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation[.]").  Instead "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation" can establish injury-in-fact for Article III standing.  *TransUnion LLC*, 594 U.S. at 427.  As the Court succinctly put it: "No concrete harm, no standing."  *Id.* at 442.

Applying these standards, the Court concludes that Phillips lacks Article III standing to bring her claims in federal court.  Phillips alleges first that Defendants' various debt-collection communications caused her "deep agony," "pain and suffering in her daily life activities,"

2

"anger, anxiety, decreased ability to focus on tasks at work, frustration, confusion, severe emotional distress, negative emotions, and physical manifestations."  Compl. ¶¶ 230, 232, 234.  But these "perfunctory allegation[s] of emotional distress, especially one[s] wholly incommensurate with the stimulant[s], [are] insufficient to plausibly allege constitutional standing."  *Maddox*, 19 F.4th at 66.  Indeed, other courts applying *TransUnion* have rejected similar allegations as insufficient to confer standing.  *See e.g., Spira v. Trans Union, LLC*, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *5 (S.D.N.Y. July 19, 2022) (finding no standing based on allegations of "mental and emotional pain, anguish, humiliation[,] and embarrassment of credit denials" as a basis for standing); *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (ruling that the plaintiff lacked standing where his alleged injuries were "increased difficulty obtaining credit," "embarrassment, humiliation, and other emotional injuries"); *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (holding that "conclusory allegations" of "mental and emotional pain, anguish, humiliation and embarrassment of credit denial," without more, did not confer constitutional standing); *Spitz v. Caine & Weiner Co., Inc.*, No. 23-CV-7853 (PKC) (CLP), 2024 WL 69089, at *3 (E.D.N.Y. Jan. 5, 2024) (holding that the plaintiff's allegations that she was "confused an[d] unable to pay [the] debt" and suffered "increased heartrate, difficulty with sleep, anxiety, and stress associated with . . . fear" were "insufficiently concrete for Article III standing").

Phillips also alleges harm based on Defendants' reporting of her allegedly inaccurate information to third parties, but these allegations fare no better.  To be sure, the *TransUnion* Court recognized that plaintiffs whose information was disseminated by a credit reporting agency to third-party creditors suffered a concrete injury sufficient to support standing.  *See TransUnion LLC,* 594 U.S. at 432.  But Phillips's Complaint contains only the bare allegation

that her information was "published to third parties, including, but not limited to, creditors and potential creditors," Compl. ¶ 235, and is wholly "bereft of any facts or statements specifying which parties sent or received these allegedly inaccurate reports," *Scott v. Affirm, Inc.*, No. 22-CV-04432 (ARR) (JMW), 2022 WL 18859070, at *2 (E.D.N.Y. Sept. 30, 2022). Once again, courts applying *TransUnion* have found similar allegations wanting. *See e.g., Lodhi v. JHPDE Fin. 1, LLC*, No. 22-CV-05434 (JMA) (JMW), 2022 WL 17363935, at *2 (E.D.N.Y. Oct. 21, 2022) ("Conclusory allegations that consumer reports were disseminated to third parties, without more, do not amount to allegations of actual dissemination as required to pass muster under *TransUnion*."), *report and recommendation adopted*, 2022 WL 17361233 (E.D.N.Y. Dec. 1, 2022); *Zlotnick*, 583 F. Supp. 3d at 391 ("Despite plaintiff's conclusory allegations that 'Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown,' no actual dissemination is alleged." (citation omitted)); *Spira, LLC*, 2022 WL 2819469, at *5 (rejecting as conclusory the allegation that inaccurate credit information was "disseminated to various persons and creditor grantors, both known and unknown").

Phillips does specifically allege that Defendants "communicated false credit information to [credit reporting agencies], including" TransUnion LLC and Equifax. *See e.g.,* Compl. ¶¶ 282-283, 286-87. But "the distribution of inaccurate information to a credit reporting agency, as opposed to a potential creditor, . . . does not constitute or cause concrete injury for standing purposes." *Campbell v. Portfolio Recovery Assocs., LLC*, No. 21-CV-1322 (PKC) (RML), 2022 WL 657225, at *2 (E.D.N.Y. Mar. 4, 2022)); *see also Spira*, 2022 WL 2819469, at *5 ("[C]redit reporting agencies like Equifax are not the type of third parties contemplated by the Supreme

Court in *TransUnion*; rather, the Supreme Court clearly contemplated potential creditors[.]"); *Konig v. TransUnion, LLC*, No. 18-CV-7299 (JCM), 2023 WL 3002396, at *8 (S.D.N.Y. Apr. 19, 2023) (same). This is the case even if, as the Complaint alleges, the dissemination caused Phillips's "credit score" to "drop[]," Compl. ¶ 235, because a lowered credit score alone is not a sufficiently concrete injury, *see e.g., Zlotnick*, 583 F. Supp. 3d at 392 ("A lowered credit score in and of itself is not a concrete harm."); *Wan v. Trans Union, LLC*, No. 22-CV-115 (PKC) (JRC), 2022 WL 955290, at *1-2 (E.D.N.Y. Mar. 30, 2022) (finding no standing because "[the] [p]laintiff's allegations that she suffered 'limited credit opportunities' and harm to her 'otherwise positive credit' do not constitute concrete injury" absent "an allegation that these circumstances resulted in a materialized injury[ ] or a sufficiently imminent and substantial risk of injury").

For the foregoing reasons, the Court concludes that Phillips lacks constitutional standing to bring her claims in federal court. It follows that the Court lacks subject-matter jurisdiction and that the case must be remanded to state court. *See* 28 U.S.C. § 1447(c). The Clerk of Court is directed to remand this case to the Supreme Court of New York, New York County; to terminate any and all open motions; and to close the case on this Court's docket.

SO ORDERED.

Dated: October 29, 2024
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge